1  Jeremy I. Lessem, Esq. (SBN: 213406)
   J. Tooson, Esq. (SBN: 261373)
2  LESSEM, NEWSTAT & TOOSON, LLP
3  E-Mail:  Jeremy@LNLegal.com/J.Tooson@LNLegal.com
   3450 Cahuenga Blvd. W., Ste. 102
4  Los Angeles, CA 90068
   Telephone: (818) 582-3087
5  Facsimile: (818) 484-3087
6

7

8              UNITED STATES DISTRICT COURT
9              CENTRAL DISTRICT OF CALIFORNIA
10

11
   Briana Ortega                    )
12                       Plaintiff,  )   COMPLAINT FOR DAMAGES
                                     )   1. CIVIL RIGHTS VIOLATIONS
13                                   )      UNDER 42 U.S.C. § 1983
   v.                               )
14                                   )   2. MUNICIPAL LIABILITY FOR
   COUNTY OF RIVERSIDE, CHAD        )      CIVIL RIGHTS VIOLATIONS
15 BIANCO, ERIC PISCATELLA,         )   3. VIOLATION OF CIVIL RIGHTS
16 MARTINEZ MORENO and DOES 1-2     )      FOR FAILURE TO TRAIN AND
                                     )      SUPERVISE (42 U.S.C. § 1983)
17                                   )
                       Defendant.    )   4. VIOLATION OF COMPUTER
18                                   )      FRAUD AND ABUSE ACT
19                                   )   5. VIOLATION OF ELECTRONIC
                                     )      COMMUNICATIONS PRIVACY
20                                   )      ACT
21                                   )
                                     )   6. VIOLATION OF CIVIL RIGHTS
22                                   )      UNDER FOURTH AMENDMENT
23                                   )
   _____  )   DEMAND FOR JURY TRIAL
24                                   )
25

26

27

28

## COMPLAINT FOR DAMAGES

1.     Plaintiff Briana Ortega complains against Defendants COUNTY OF RIVERSIDE, CHAD BIANCO, ERIC PISCATELLA, MARTINEZ MORENO and DOES 1-2, inclusive, and hereby alleges as follows:

## INTRODUCTION

2.     This civil rights action arises out of the predatory conduct of Eric Piscatella, a county of Riverside Sheriff's Deputy who while in the course and scope of his employment repeatedly used law enforcement resources and databases to illegally access the personal information of the Plaintiff to stalk her and pursue a romantic relationship with her. Said conduct of Defendant PISCATELLA led to his arrest and conviction for seven counts of Penal Code section 502 (c) (2).  As a result of Piscatella's predacious conduct, Plaintiff has suffered and continues to suffer extreme mental and emotional distress all in violation of her federal civil rights. Plaintiff seeks compensatory damages, punitive damages, attorneys' fees, and costs from Defendants for violating various rights guaranteed to Plaintiff by the United States Constitution. The Defendants are liable under 42 U.S.C. §1983 for violations of the Fourth, Eighth and Fourteenth Amendments to the United States Constitution.

## JURISDICTION AND VENUE

3.     This civil action arises under 42 U.S.C. §1983. Accordingly, subject matter jurisdiction is conferred upon this court by 28 U.S.C §1331, 1343 and 18 U.S.C. §2724 and

the Fourth, Eighth and Fourteenth Amendments to the United States Constitution.

4.    Venue is proper in this Court under 28 U.S.C. §1391(b), because Defendants reside in, and all incidents, events, and occurrences giving rise to this action occurred in the county of Riverside, California.

### PARTIES

5.    Plaintiff Briana Ortega (Ortega") is a person of the age of Majority and at all times relevant hereto was a resident of the county of Riverside, State of California.

6.    Defendant Eric Piscatella  ("Piscatella") in sued in his personal capacity and is hereby sued for his own culpable action and for conduct which showed a reckless indifference for the Plaintiff's constitutional rights and at all times alleged hereto he was an duly authorized employee of the defendant COUNTY, who was acting within the course and scope of his respective duties for the County of Riverside Sheriff's Department and acted with the complete authority and ratification of defendant COUNTY. Based on information and belief, Piscatella was a resident of the county of Riverside, State of California during all times relevant to this action.

7.    Defendant Martinez Moreno  ("Moreno") in sued in his personal capacity and is hereby sued for his own culpable action or inaction and for conduct which showed a reckless indifference for the Plaintiff's constitutional rights and at all times alleged hereto he was an duly authorized employee of the defendant COUNTY, who was acting within the course and scope of his respective duties for the County of Riverside Sheriff's Department and acted with the complete authority and ratification of defendant

COUNTY. Based on information and belief, Piscatella was a resident of the county of Riverside, State of California during all times relevant to this action.

8.   Defendant County of Riverside (hereinafter "COUNTY") is and was at all relevant times mentioned herein, a municipality duly organized and existing under the laws of the State of California.  The County of Riverside Sheriff's Department (hereinafter "RCSD") is an official subdivision of the COUNTY, and all staff members employed by said departments are employees of defendant COUNTY. Defendant COUNTY is responsible for the actions, omissions, policies, procedures, practices, and customs of its various agents and agencies, including RCSD and its employees, contractors, and agents. At all relevant times, Defendant COUNTY was and is responsible for assuring that the actions, omissions, policies, procedures, practices, and customs of the RCSD complied with the law of the United States and the State of California. Defendant COUNTY was and is the employer of Defendants BIANCO and PISCATELLA and DOES 1-2.

9.   Defendant Chief CHAD BIANCO ("BIANCO") in sued in his official and individual capacity, and at all relevant times herein was a responsible for the policies, procedures and administration of the Riverside County Sheriff's Department including the selection, promotion, supervision, training, discipline and retention of agents, employees and deputies working within the department.

10.   Plaintiff is ignorant of the true names and capacities of Defendants sued herein as Defendant DOES 1-2, inclusive, and therefore sues these Defendants by such fictitious names. Plaintiff is informed, believes, and fictitiously named Defendant is legally

responsible, intentionally, negligently or in some other actionable manner, for the events and happenings hereinafter referred to, and thereby legally caused the injuries, damages, and violations and/or deprivation of rights herein alleged. Plaintiff will seek leave of Court to amend this Complaint and state the true names and/or capacities of said fictitiously named Defendants when those have been ascertained.

//

//

//

## **GENERAL ALLEGATIONS**

11.    Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 10 of this Complaint with the same force and effect as if fully set forth herein.

12.    On or about September 17, 2023, while in the course and scope of his employment Defendant PISCATELLA made contact with the Plaintiff and her minor children while Plaintiff was attending a festival in the city of Coachella.

13.    Through offering stickers to the Plaintiff's minor children, defendant PISCATELLA created an opportunity to introduce himself to Plaintiff and obtained her name which he later used to illegally access her personal and private information.

14.    On or about January 25th, 2024, Defendant PISCATELLA searched for Plaintiff Ortega using his RCSD patrol vehicles' computer.

15.    Based on information and belief, Defendant Deputy Martinez-Moreno and Does 1-2 were present when Defendant PISCATELLA accessed the database and neither stopped or reported Defendant PISCATELLA's illegal conduct.

16.    Through this illegal search PISCATELLA was able to obtain the home address of the Plaintiff and other personal and private information including her cell phone number.

17.    Following ascertaining the Plaintiff's address, PISCATELLLA showed up at the Plaintiff's residence in the city of La Quinta in his patrol vehicle without legal cause.

18.    Armed and in full uniform Defendant PISCATELLA questioned the mother of the Plaintiff regarding the location of her daughter.

19.    Based on information and belief Defendant Deputy Martinez-Moreno and Does 1-2 were present in the patrol car for this interaction and neither stopped or reported Defendant PISCATELLA's illegal activity.

20.    Alarmed and concerned, Plaintiff's Ortega's mother refused to provide the exact address of her daughter's work location.

21.    Following this interaction, Defendant PISCATELLA began to text Plaintiff Ortega directly on her cellphone despite her never providing him with the number.

22.    Unaware of who was texting, Plaintiff Ortega responded to the text and inquired where she had met Defendant PISCATELLA.

23.    Defendant PISCATELLA indicated he had met her at a festival in Coachella.

24.     Plaintiff Ortega did not recall giving Defendant PISCATELLA her number nor did she understand the nature of the text communication therefore she did not continue the conversation.

25.      However, after her sister was a victim of a crime in February of 2024, the Plaintiff reached out to Defendant PISCATTELLA seeking law enforcement assistance.

26.     Despite only asking for law enforcement assistance, Defendant PISCATELLA shifted the conversation to pursue his romantic interests in the Plaintiff and asked to take her out on a date.

27.     Plaintiff immediately ended the conversation and ultimately changed her phone number for unrelated reasons.

28.     In the subsequent months, Deputy PISCATELLA's romantic interest in the Plaintiff escalated to an obsession, leading him to routinely illegally search the Plaintiff's private information on law enforcement databases; including on May 31st 2024 when it was determined Defendant PISCATELLA ran the license plate number of the Plaintiff while his Patrol unit was determined to be in close proximity of Plaintiff's residence.

29.     Based on information and belief Defendant Deputy Martinez-Moreno and Does 1-2 were present when Defendant PISCATELLA accessed the database and ran the plate number of Plaintiff, Defendant Deputy Martinez-Moreno and Does 1-2 neither stopped or reported Defendant PISCATELLA's illegal activity.

30.     On July 2nd, 2024, Defendant PISCATELLA conducted another search of Plaintiff searching her license plate on the California Law Enforcement Telecommunications System.

31.     Following this search, Defendant PISCATELLA once again went to the residence of the Plaintiff while armed and in full uniform entered the residence of the Plaintiff without consent or legal cause falsely claiming a black man with dread locks had jumped over her backyard fence attempting to break into her residence.

32.     Based on information and belief Defendant Deputy Martinez-Moreno and Does 1-2 were present in the patrol car when Defendant PISCATELLA accessed the database and came to Plaintiff's residence a second time and he and Does 1-2 neither stopped or reported Defendant PISCATELLA's illegal activity.

33.     This July 2nd, 2024, encounter happened just three minutes after Plaintiff returned home from out of town which caused the Plaintiff to believe she was under the surveillance of Defendant PISCATELLA.

34.      Once inside the residence under false pretenses, Defendant PISCATELLA immediately begin to make romantic overtures towards the Plaintiff telling her how beautiful she was without makeup and asked for her new cell phone number because she had changed her previous number.

35.     Plaintiff was confused, scared and uncomfortable and began recording part of this interaction with her phone.

36.      Plaintiff ultimately provided her new phone number while under duress and only for the purpose of investigating the possible crime that had been committed at her home.

37.     Unfortunately, Defendant PISCATELLA once again started texting the Plaintiff to further pursue his romantic interest, including stating he would steal Plaintiff from her boyfriend.

38.     Plaintiff immediately asked Defendant PISCATELLA to stop messaging her as it was unrelated to any crime and Defendant PISCATELLA's illegal conduct was reported to law enforcement.

39.     Defendant PISCATELLA was arrested and charged in case INF2402443 with seven felony counts of violating Penal Code 502 subdivision c (2) for his unlawful use of the County of Riverside Sheriffs Department computer system and database. (exhibit 1)

40.     On July 23, 2025, Defendant PISCATELLA entered a guilty plea to all seven counts after the Judge agreed to reduce his charges to misdemeanors and Defendant PISCATELLA was placed on probation. (exhibit 2)

//

//

//

**FIRST CLAIM OF RELIEF**

**DEFENDANTS ARE LIABLE FOR VIOLATING THE U.S. CONSTITUTION 42 U.S.C. § 1983**

41.     Plaintiff realleges and incorporates by reference, as though fully set forth herein, each and every allegation set forth in paragraphs 1-40.

42.     This cause of action is brought pursuant to 42 U.S.C. § 1983 and the Eighth and Fourteenth Amendments of the United States Constitution along with the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

43.     It is well established to state a claim for relief under section 1983, the Plaintiff must establish that she was deprived a right secured by the Constitution or laws of the United States and that the alleged depravation was committed under the color of state law.

44.     Defendants Piscatella, Bianco, County, Martinez-Moreno and DOES 1-2 were acting individually under the color of state and local law and violated federal law and deprived Plaintiff of the protections guaranteed to her under the Constitution and the laws of the United States.

45.     Defendants through their acts and or omissions violated the Plaintiff's privacy rights and due process rights through accessing her personal and private information through Riverside County Sheriff's Department databases without legal cause.

46.     This information was subsequently used by Defendant Piscatella to further his romantic interest in the Plaintiff.

47.    On or before January 25th, 2024, Plaintiff believes and thereon alleges that there was in existence at the RCSD an administrative manual, written policies and procedures, along with orally conveyed policies regarding the issues of authorized use of law enforcement data bases by staff, use of confidential information, and the reporting of officer involved crimes.

48.    On or about January 25, 2024 through July 2nd 2024, Defendants and DOES 1-2 acted in conscious and reckless disregard for the plaintiff's rights and safety and in complete disregard of their responsibilities, and under the color of law, knowingly and or intentionally engaged in the following acts and omissions:

(a) Accessed private and confidential information of the Plaintiff on law enforcement computer systems for the purpose of pursuing a romantic relationship with the Plaintiff.

(b) Unlawfully entered the residence of the Plaintiff without a warrant, consent, exigent circumstances or probable cause for the purpose of pursuing a romantic relationship with the Plaintiff.

(c) Failed to supervise, stop, intervene, report or otherwise deter the unlawful conduct of Defendant PISCATELLA.

(d) Failed to enact, properly train, supervise and or enforce policies to prevent the unauthorized use of law enforcement computer database for personal romantic motives.

49. In this manner, Defendants PISCATELLA, MARTINEZ MORENO and DOES 1-2 under the color of law, failed to protect the Plaintiff's due process rights, to which

Plaintiff had a constitutional right and thereby caused plaintiff to be exposed to extreme harm and emotional injuries.

50.     On information and belief, Defendants PISCATELLA acted as he did in part because he knew or was otherwise aware there was no enforced COUNTY/ RCSD policy in place to monitor and or review his computer use and activity. As a result of established customs, norms and procedures at RCSD, Defendants PISCATELLA, MARTINEZ MORENO and DOES 1-2 believed that they would not be disciplined or punished for their conduct and their conduct would otherwise be ratified or condoned by their superiors, as similar conduct had routinely gone unpunished and with offenders suffering no adverse or disciplinary consequences.

51.     As a proximate result of the aforementioned acts and omissions of defendants and each of them, Plaintiff suffered severe injury and emotional harm that will adversely affect her for the remainder of her life.

52. As a proximate result of the aforementioned acts and omissions of Defendants, and each of them, Plaintiff sustained great mental pain, suffering, fear, anxiety, anguish and emotional distress.

53.     The aforementioned acts and omissions by Defendants, and each of them, were willful, wanton, malicious and oppressive thereby justifying the awarding of exemplary and punitive damages as to PISCATELLA.

54.  Plaintiff also requests payment by defendants of a reasonable sum of attorney's fees pursuant to 42 U.S.C. § 1988.

## SECOND CLAIM FOR RELIEF

### MUNICIPAL LIABILITYBFOR VIOLATION OF CIVIL RIGHTS

### (Against Defendant COUNTY)

55.   Plaintiff realleges and incorporates by reference, as though fully set forth herein, each and every allegation set forth in paragraphs 1 through 54.

56.   Defendant COUNTY, through its administrators and decision makers, knowingly, recklessly and with disregard for the safety of Plaintiff, promulgated, created, maintained and enforced a series of policies, procedures, customs and practices which facilitated unauthorized use of law enforcement computers.

57.   These policies, procedures, customs, and practices of the COUNTY were the moving forces behind the de facto custom and practice of permitting and condoning individual staff members, including Defendant PISCATELLA, MARTINEZ MORENO and DOES 1-2 of disregarding the safety and due process rights of Plaintiff who requires protection.

58.   Even when Defendant COUNTY enacted policies to protect the use of department computer systems and private citizen information it knowingly and woefully failed to enforce said policies.

59.   Defendant COUNTY was or should have been aware of RCSD deputies using the work computer system and other law enforcement databases to prey on vulnerable female citizens. However, despite this, the deplorable conditions still exist and led to the injuries suffered by the Plaintiff.

60.    Defendant COUNTY acting through its administrators, management, supervisors, employees, and or agents on staff violated their duty to protect the private information of the Plaintiff thereby causing harm to the Plaintiff these failure includes but is not limited to the following:

(a) Failing to monitor/review deputy computer usage and access to law enforcement databases for the safety of citizens such as the Plaintiff.

(b) Failing to supervise and discipline staff properly when computer usage policies are violated.

(c) Inadequate training of staff on appropriate computer usage.

(d) Failing to enforce written policies which prohibit staff from using department issued equipment and patrol vehicles to access private information and pursue romantic interests.

(e) Inadequately training staff in behavior management.

(f) Inadequately training staff on reporting inappropriate and or illegal peer conduct.

61.    The custom, policy, practice and procedures described herein were a legal cause of Plaintiff's injuries and each Defendant acting in accord with custom, practice, policy and procedure acted with deliberate indifference to the rights of the plaintiff, acted recklessly and intentionally, under color of law by showing conscious disregard for the life and safety of Plaintiff, violated his constitutional rights and proximately caused the damages set forth in the incorporated paragraphs all in violation of 42 U.S.C. § 1983.

62.     By reason of the aforementioned acts and omissions of Defendant COUNTY, Plaintiff has been caused to incur medical expenses, loss of future earning capacity, and other damages in an amount to be proven at the time of trial.

63.     By reason of the aforementioned acts of Defendant COUNTY, Plaintiff was required to and did retain counsel to institute and prosecute the present action, and to render legal assistance to Plaintiff so that his damages and impairment of his Constitutional rights might be vindicated; and by reason thereof, Plaintiff requests payment by defendants of a reasonable sum for attorney's fees pursuant to 42 U.S.C. §1988.

//

//

//

**THIRD CLAIM FOR RELIEF**

**VIOLATIONS OF CIVIL RIGHTS UNDER 42 U.S.C. 1983 FOR**

**FAILURE TO TRAIN AND SUPERVISE**

**(Against Defendants COUNTY and BIANCO)**

64.     Plaintiff realleges and incorporates by reference, as though fully set forth herein, each and every allegation set forth in paragraphs 1 through 63.

65.     This cause of action is brought pursuant to 42 U.S.C. § 1983 and the Eight and Fourteenth Amendments of the United States Constitution.

66.    At all relevant times, Defendant COUNTY and BIANCO, knew or should have known of the acts of its employees as complained of herein was occurring. As a means, method, practice, and or policy of not requiring computer searches and patrol vehicle usage to be actively monitored or reviewed to ensure its for legitimate law enforcement purposes Defendant COUNTY and BIANCO, consciously disregarded their duties, failed to adequately investigate, discover, discipline and/or correct such actions or practices of Defendant Piscatella thereby causing  a violation of Plaintiffs Constitutional rights as hereinabove set forth and her injuries.

67.    Prior to the incidents alleged herein, defendants in the course and scope of their employment with defendant COUNTY and RCSD, facilitated, permitted, ratified, and condoned similar acts and were deliberated indifferent to the due process rights of the Plaintiff. Defendants knew or in the exercise of reasonable care should have known of this practice, pattern, or policy of institutional violations. Said Defendants had a duty to instruct, train, supervise and discipline their subordinates to prevent similar acts to minors, such as Plaintiff but failed to take action to properly train, instruct, supervise or discipline staff members or other employees. As a result, thereof, Plaintiff was severely harmed and permanently injured and damaged in the manner alleged herein.

68.    At all times herein and prior thereto Defendants, County and BIANCO had the duty to train, instruct, supervise and discipline staff members to ensure that they respected and did not violate federal constitutional and statutory rights of citizens and to objectively investigate violations of said rights such as the following:

(a) The right of citizens personal and private information to remain protected absent legitimate law enforcement purposes for disclosure.

(b) The right to be free from unreasonable searches or seizures and the infliction of predatory stalking behavior from RCSD deputies pursuing romantic interest.

(c) Failure to train, supervise and or discipline RCSD officers on sexual harassment.

69.    Defendants COUNTY and BIANCO breached their duties by failing to train, instruct, supervise, or discipline their staff members including Defendants PISCATELLA, MARTINEZ MORENO,  DOES 1-2 in the violation of Plaintiff's and other citizens' constitutional rights as alleged herein.

70.    The conduct of said defendants has been ratified, authorized or otherwise condoned by each of them in their official and individual capacities.

71.    By reason of the aforementioned acts and omissions of defendants and each of them, Plaintiff to be proven at the time of trial.

72.    By reason of the aforementioned acts and omissions of defendants and each of them, Plaintiff was required to and did retain counsel and requests payment by Defendants of a reasonable sum for attorney's fees pursuant to 42 U.S.C. § 1988.

73.    The aforementioned acts of said individual Defendants, and each of them, was willful, wanton, malicious and oppressive thereby justifying the awarding of exemplary and punitive damages as to Defendant Piscatella, but not as to Defendant COUNTY.

**FOURTH CLAIM FOR RELIEF**

**COMPUTER FRAUD AND ABUSE ACT (CFAA)**

**(Against Defendant PISCATELLA)**

74.    Plaintiff realleges and incorporates by reference, as though fully set forth herein, each and every allegation set forth in paragraphs 1 through 73.

75.    Defendant violated 18 U.S.C. §1030 by obtaining and using the confidential information of the Plaintiff derived from the RCSD computer databases including the California Law Enforcement Telecommunications System in absence of a lawful permissible use.

76.    Following illegally searching the name and license plate of Plaintiff multiple times in the RCSD computer databases, Defendant unlawfully used this information when he went to Plaintiff's house on January 25, 2024 and July 2nd 2024 along with texting the Plaintiff to further his personal romantic interest.

77.    As a result of Defendant PISCATELLI's illegal conduct he was charged and convicted of seven counts of Penal Code 502 subdivision (c) (2).

//

//

//

**FIFTH CLAIM FOR RELIEF**

**VIOLATIONS OF 18 U.S.C. §2510-2523 ELECTRONIC COMMUNICATIONS**

**PRIVACY ACT**

**(Defendant Piscatella)**

78.    Plaintiff realleges and incorporates by reference, as though fully set forth herein, each and every allegation set forth in paragraphs 1 through 77.

79.    Defendant PISCATELLA violated 18. U.S.C. section 2510 by soliciting, obtaining and using the information derived from California Law Enforcement Telecommunications System and other RCSD databases in absence of a permissible and lawful use.

80.    Following illegally searching the name and license plate of Plaintiff multiple times in the RCSD computer databases, Defendant unlawfully used this information when he went to Plaintiff's house on January 25, 2024 and July 2nd 2024 along with texting the Plaintiff  to further his personal romantic interest.

81.    As a result of Defendant PISCATELLI's illegal conduct he was charged and convicted of seven counts of Penal Code 502 subdivision (c) (2).

//

//

//

## SIXTH CLAIM FOR RELIEF

### VIOLATIONS OF THE FOURTH AMENDMENT

### (Against All Defendants)

82.     Plaintiff realleges and incorporates by reference, as though fully set forth herein, each and every allegation set forth in paragraphs 1 through 82.

83.     All DEFENDANTS violated Plaintiff's fourth amendment right to be free from unreasonable search and seizures by improperly allowing and or accessing her private and personal information contained in state and national databases without just cause.

84.     Furthermore, Defendant PISCATELLA entered the home of the Plaintiff without a warrant, probable cause or exigent circumstances in further violation of Plaintiff's fourth amendment rights.

85.     At the time of the unlawful entry, Defendant PISCATELLA was in a patrol car, in uniform, armed with a gun and acting in the course and scope of his employment when he falsely claimed to be investigating an alleged burglary.

86.     By reason of the aforementioned acts and omissions of Defendants, Plaintiff sustained injuries and she is entitled to general and special damages according to proof at the time of trial.

87.     By reason of the aforementioned acts of Defendants, Plaintiff was required to and did retain counsel to institute and prosecute the present action, and to render legal assistance to Plaintiff so that his damages and impairment of his Constitutional rights might be vindicated;

and by reason thereof, Plaintiff requests payment by defendants of a reasonable sum for
attorney's fees.

//

//

//

**WHEREFORE**, plaintiff prays for judgment against defendants and each of them as

follows:

1.  For general damages according to proof;

2.  For special damages according to proof;

3.  For exemplary damages against those individual defendants in an amount
    sufficient to deter and to make an example of those defendants;

4.  For costs of suit and reasonable attorney fees pursuant to 42 U.S.C. section 1988
    on Plaintiff's federal claims; and reasonable attorney fees.

5.  For such other further relief as the Court may deem just and proper.

DATED August 17, 2025,                     LESSEM, NEWSTAT & TOOSON, LLP.


                                           /s/ Jamal Tooson
                                           _____
                                           JAMAL TOOSON
                                           Attorney for Plaintiff