**LESSEM, NEWSTAT & TOOSON, LLP**
Jamal Tooson (SBN 261373)
JTooson@lnlegal.com
3450 Cahuenga Blvd., Unit 102
Los Angeles, CA 90068
Tel: (818) 582-3087
Fax: (818) 484-3087

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIANA ORTEGA, individual<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF RIVERSIDE, CHAD BIANCO, ERIC PISCATELLA, MARTINEZ MORENO, and DOES 1-2<br><br>Defendants. | Case No. 5:25-CV-02238-JGB-SPx<br><br>*District Judge Michelle Williams Court*<br>*Mag. Judge Jacqueline Chooljian*<br><br>**JOINT RULE 26(f) REPORT**<br><br>Date:   March 2, 2026<br>Time:   11:00 a.m.<br>Crtrm: 1 |

**TO THE HONORABLE COURT:**

Pursuant to Federal Rules of Civil Procedure Rule 26(f), Local Rule 16-1, and the Court's January 28, 2026, Order setting the Scheduling Conference (Dkt. 30), the early meeting of counsel has been conducted between counsel for Plaintiff Briana Ortega ("Plaintiff") and counsel for Defendants. The early meeting of counsel took place via phone on February 17th, 2026 and was attended by Jamal Tooson of Lessem, Newstat & Tooson, LLP, counsel for Plaintiffs, and counsel for Defendants Kayleigh A. Andersen of Manning | Kass.

The parties have discussed the nature and basis of their claims and defenses, the potential for resolving the case, the timing of initial disclosures, and a proposed discovery plan. The parties, through their counsel, respectfully submit the following Joint Report.

**(1)    Subject Matter Jurisdiction**

Plaintiff has filed federal claims pursuant to 42 U.S.C. § 1983. Accordingly, the parties do not dispute that this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and over Plaintiff's claims under state law pursuant to 28 U.S.C. § 1367, as those claims are so related to Plaintiff's federal claims that they form part of the same case or controversy.

**(2)    Statement of the Case**

**Plaintiff's Summary**: Plaintiff alleges this civil rights action arises out of the predatory conduct of Eric Piscatella, a county of Riverside Sheriff's Deputy who while in the course and scope of his employment repeatedly used law enforcement resources and databases to illegally access the personal information of the Plaintiff to stalk her and pursue a romantic relationship with her. After accessing law enforcement databases, Eric Piscatella learned Plaintiff's telephone number and home address. Deputy Piscatella not only began texting the Plaintiff but made two unrequested visits to Plaintiff's house. The final visit ended in his arrest after he gained access inside Plaintiff's residence under false pretenses claiming someone

was breaking into her backyard.  Defendant PISCATELLA was convicted of seven counts of Penal Code section 502 (c) (2).  As a result of Piscatella's predacious conduct, Plaintiff has suffered and continues to suffer extreme mental and emotional distress all in violation of her federal civil rights. Plaintiff seeks compensatory damages, punitive damages, attorneys' fees, and costs from Defendants for violating various rights guaranteed to Plaintiff by the United States Constitution. The Defendants are liable under 42 U.S.C. §1983 for violations of the Fourth, Eighth and Fourteenth Amendments to the United States Constitution.

**Defendants County of Riverside, Chad Bianco, and Det. Moreno's Summary:**

On July 2, 2024, Sgt. Contreras at the Thermal Station received a citizen complaint from Briana Ortega. Ms. Ortega wanted to report an ongoing issue with Deputy Piscatella and alleged inappropriate behavior. Ms. Ortega reported that the first incident occurred in February of 2024 when Deputy Piscatella went to Ms. Ortega's home and spoke to her mother.

After going to Ms. Ortega's residence, Deputy Piscatella allegedly sent several text messages to Ortega asking her on a date. Deputy Piscatella reportedly advised Ms. Ortega they met during a food festival at a park in September of 2023. Deputy Piscatella worked the event and gave Ms. Ortega's children stickers. Ms. Ortega did not reply to his messages further.

Ms. Ortega told Sgt. Contreras that in February 2024, deputies responded to her residence because her younger sister was assaulted. Ms. Ortega called for deputies to respond and believed Deputy Piscatella was one of them. Ms. Ortega claims Deputy Piscatella continued to text Ortega after the call for service. Ms. Ortega changed her phone number and no longer had contact with Deputy Piscatella. Ms. Ortega stated Deputy Piscatella was not the reason for her changing her number.

Defendants County of Riverside, Chad Bianco, and Detective Moreno deny any of Plaintiff's allegations against them, and deny the nature and extent of Plaintiff's claimed damages.

Defendant Eric Piscatella Summary:

This case arises from the relationship between former officer Piscatella and plaintiff Briana Ortega. Their relationship consisted of mutual communications. Plaintiff sought law enforcement help and advice from officer Piscatella. Piscatella's contacts with plaintiff were within the scope of his employment, and for the purpose of furthering legitimate police officer objectives.

Defendant Eric Piscatella denies any and all of Plaintiff's allegations against him, and denies the nature and extent of plaintiff's claimed damages.

**(3)     Damages/Insurance**

a.     *Damages*

Plaintiff claims general and special compensatory damages, according to proof at trial under federal and state law for Ms. Ortega. Plaintiff also seeks punitive and exemplary damages against the individual Defendant Deputies only. Plaintiff also seeks attorney's fees pursuant to 42 U.S.C. § 1988 and under state law, costs and interests incurred.

Defendants deny all liability and wrongdoing for any and all of Plaintiff's claims.

b.     *Insurance*

The County of Riverside is permissibly self-insured per California Government Code § 990.

**(4)     Parties, Evidence, etc.**

*Parties*: The parties are Plaintiff Briana Ortega against Defendants COUNTY OF RIVERSIDE, CHAD BIANCO, ERIC PISCATELLA, MARTINEZ MORENO and DOES 1-2, inclusive.

*Witnesses*: The percipient witnesses include Plaintiff Briana Ortega, her

mother Loren Ramos, Defendants Eric Piscatella and Martinez Moreno, County of
Riverside Sheriff's Department officials. Additional non-percipient witnesses may
include expert witnesses and witnesses on Plaintiffs' damages. Given that discovery
has not yet been completed, the parties have not yet identified all other witnesses.

*Key Documents Plaintiffs May Use*: The key documents will include County
of Riverside Sheriff's Department records regarding the incident, including but not
limited to, statements, reports, audio and/or video of the incident, and photographic
evidence. Additional documents may include the criminal records, transcripts and
plea forms of Eric Piscatella, depositions of the parties and witnesses, and responses
to written discovery.

*Key Documents Defendants May Use*:

The key documents include Riverside County Sheriff's Department records
regarding the incident, including but not limited to, statements, reports, audio and/or
video of the incident, and photographic and physical evidence. Additional
documents include training records of the deputy defendants and training materials
from the Riverside County Sheriff's Department. Additionally, documents would
include the Plaintiff's medical records, mental health records and any additional
records pertaining to her alleged damages. Additional documents may include
depositions of the parties and witnesses, and responses to written discovery.

**(5)    Discovery**

a.    *Status of Discovery*

Pursuant to Federal Rules of Civil Procedure Rule 26(a)(1)(c), the parties
agree to exchange initial disclosures on or before March 3, 2026. As of the time of
the drafting of this report, written discovery requests have not yet been propounded
and deposition dates have not yet been set.

b.    *Discovery Plan*

The parties have discussed the anticipated discovery and propose a discovery
schedule set forth in "Exhibit A" attached hereto. This schedule was compiled based

upon the trial calendars of counsel and their evaluation of the parties' discovery needs.

Plaintiff anticipates serving written discovery regarding County records regarding the incident and taking the depositions of Eric Piscatella, Martinez Moreno and other County personnel. Plaintiff also plans to retain experts who will opine on, and potentially testify to, issues of liability, causation, and damages. Plaintiff anticipates serving written interrogatories, requests for admission, and requests for production of documents.

Defendants intend to propound written discovery regarding Plaintiff's medical and mental health history, Plaintiff's criminal history, Plaintiff's requested damages and his calculation of damages, and discovery related to witnesses that may have knowledge regarding the incident at issue in the operative Complaint. Defendants anticipate taking the depositions of the Plaintiff, percipient witnesses, and expert witnesses to the extent appropriate. There may be additional issues that arise in the course of this litigation that defendant may also explore through discovery.

The parties will also take the depositions of any experts or witnesses identified by the other.

The parties do not see any issues regarding electronically stored information pursuant to Rule 26(f)(3)(C) in this case.

The parties do not anticipate any changes to the limitations on discovery imposed by the Federal Rules at this time, except that Plaintiff may seek a stipulation or leave to depose more witnesses than the 10 allowed under the Federal Rules.

The parties propose a fact discovery cut-off of November 6, 2026, which is also as set forth in Exhibit A hereto.

The parties have discussed expert discovery and propose exchange dates of: Initial Expert Disclosure on November 30, 2026; Rebuttal Expert Disclosure on December 13, 2026; and Expert Discovery Cut-off of January 4, 2027. The dates for

Initial and Rebuttal Expert Disclosure are also set forth in Exhibit A attached hereto. The parties will simultaneously exchange their expert reports.

**(6)    Legal Issues**

1.    Whether the Defendants are liable for violating the Constitution rights of the Plaintiff under 42 U.S.C. § 1983.

2.    Whether Defendant COUNTY, through its administrators and decision makers, knowingly, recklessly and with disregard for the safety of Plaintiff, promulgated, created, maintained and enforced a series of policies, procedures, customs and practices which facilitated unauthorized use of law enforcement computers.

3.    Whether Defendant County and Bianco failed to properly train and or supervise Defendant Piscatella in violation of 42 U.S.C. § 1983 and the Eight and Fourteenth Amendments of the United States Constitution.

4.    Whether Defendant Piscatella used law enforcement databases to access the information of the Plaintiff in violation of the Electronic Communications Privacy Act.

5.    Whether the Defendants violated the Plaintiff's Fourth amendment rights?

6.    The nature and scope of Plaintiff's damages; and

7.    Whether Plaintiff is entitled to punitive damages.

**(7)    Service of Complaint**

The named Defendants have been served and has answered the operative complaint.

**(8)    Motions**

a.    *Procedural Motions*

There are no pending motions. Plaintiff anticipates filing either a stipulation

to name the currently unidentified individual deputies who are alleged to have liability, currently named in the Complaint as Doe defendants, once such identities become available through initial discovery, or a motion to amend if a stipulation cannot be reached. Plaintiff is hopeful that such amendment may be accomplished through stipulation. Aside from this, the parties do not anticipate bringing any motions to amend the pleadings, add parties or claims or transfer venue. The parties expect to file discovery motions as needed or to seek assistance from the Magistrate Judge via informal discovery conference.

Defendant does not anticipate filing any procedural motions at this time.

　　　　　b.    *Dispositive Motions*

The parties have discussed potential motions and a proposed date set forth in Exhibit A attached hereto

After a period of discovery, Plaintiff may bring a motion for summary judgment or adjudication on one or more claims as appropriate. If such a motion is brought, Plaintiff will adhere to the Court's requirements for motions for summary judgment.

Defendants anticipate filing a motion for summary judgment or partial summary judgment, including but not limited to the grounds that the individual defendant(s) are entitled to qualified immunity.

The parties agree and request that for any motion made pursuant to F.R.C.P. 56, the opposing party shall have two weeks to prepare and file their opposition papers and that the moving party shall have two weeks to prepare and file their reply papers.

The parties further anticipate bringing motions *in limine* based on the claims and damages remaining at trial.

　　　　　c.    *Class Certification Motion*

Not applicable.

**(8)    Alternative Dispute Resolution (ADR)**

a.    *Prior Discussions*

The parties have engaged in substantive settlement discussions. The parties are amenable to engaging in initial settlement discussions following a period of discovery.

b.    *ADR Selection*

The parties are agreeable to participating in ADR Procedure No. 2 (appearance before neutral selected from Court's Mediation Panel). If mediation is unsuccessful, the parties are also amenable to participating in a Settlement Conference before a Magistrate Judge.

**(9)    <u>Trial</u>**

a.    *Proposed Trial Date*

The parties propose a trial start date of March 16, 2027. This date reflects the anticipated scope of fact discovery; the need for expert discovery; the potential for the filing, hearing, and resolution of dispositive motions filed by one or both parties; and lead trial counsel's current trial calendars for 2026.

b.    *Time Estimate*

The parties estimate the trial will take approximately five to seven court days. This estimate reflects the anticipated need for testimony from the parties, percipient witnesses, and one or more experts for each side.

c.    *Jury or Court Trial*

The parties request a trial by jury.

d.    *Magistrate Judge*

The parties are not requesting to try the case before a magistrate judge.

e.    *Trial Counsel*

Jamal Tooson will be lead trial counsel for Plaintiff.

Eugene P. Ramirez and Kayleigh A. Andersen will be trial counsel for Defendants County of Riverside, Chad Bianco, and Martinez Moreno.

Mitchell D. Dean and Brooke M. Mesner will be trial counsel for Defendant

Eric Piscatella.

    **(10)**   **Special Requests/Other Issues**

        a.   *Independent Expert or Master*

    The parties agree that this case does not require an independent expert or master.

        b.   *Manual for Complex Litigation*

    The parties agree that this is not a complex case and is therefore not subject to the Manual for Complex Litigation.

        c.   *Other Issues*

    The parties stipulate to electronic service of discovery.


                     Respectfully submitted,


Dated: February 18, 2026      LAW OFFICES OF LESSEM, NEWSTAT & TOOSON

                     /s/ Jamal Tooson
                     By _____
                        JAMAL TOOSON
                        *Attorney for Plaintiff*


Dated: February 18, 2026      MANNING & KASS
                      /s/ Kayleigh Andersen
                     By _____
                      KAYLEIGH ANDERSEN
                      *Attorneys for Defendant County of Riverside*

Dated: February 18, 2026       DEAN GAZZO & ROISTACHER, LLP
                               /s/ Mitchell Dean
                               By _____
                                     Mitchell D. Dean
                                     Brooke M. Mesner
                                     *Attorneys for Defendant Eric Piscatella*

EXHIBIT A: SCHEDULE OF PRETRIAL AND TRIAL DATES WORKSHEET

| Case No. | 5:25-CV-02238-JGB-SPx | | |
|---|---|---|---|
| Case Name | Briana Ortega v. County of Riverside, et al. | | |

| Matter | Plaintiff's Request | Defendants' Request | Court's Order |
|---|---|---|---|
| ☒Jury Trial or ☐Court Trial **(Tuesday at 9:00 a.m.)** Length: 5-8 Days | 03/16/2027 | 03/16/2027 | |
| Final Pretrial Conference [L.R. 16] and Hearing on Motions *In Limine* **(Monday − two (2) weeks before trial date)** | 03/01/2027 | 03/01/2027 | |
| Last Date to Conduct Settlement Conference | 02/01/2027 | 02/01/2027 | |
| Last Date to *Hear* Non−discovery Motions (Monday at 9:00 a.m.) | 01/04/2027 | 01/04/2027 | |
| Expert Discovery Cut-Off | 01/04/2027 | 01/04/2027 | |
| Expert Disclosure (Rebuttal) | 12/13/2026 | 12/13/2026 | |

| | | |
|---|---|---|
| Expert Disclosure (Initial) | 11/30/2026 | 11/30/2026 |
| Fact Discovery Cut–Off (including hearing fact discovery motions) | 11/06/2026 | 11/06/2026 |
| Last Date to Amend Pleadings or Add Parties | 04/13/2026 | 04/13/2026 |

ADR [L.R. 16-15] Settlement Choice:

        ⊠ Attorney Settlement Officer Panel

        ☐ Private Mediation

        ☐Magistrate Judge